UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ZION DWAYNE MAC YOUNG,

Plaintiff,

v.

ARAMARK,

Defendant.

Case No. 26-cv-00694-JSC

**ORDER OF DISMISSAL**

United States District Court
Northern District of California

**INTRODUCTION**

Plaintiff, an inmate at the San Francisco County Jail ("SFCJ") proceeding without representation by an attorney, filed this civil rights case under 42 U.S.C. § 1983 against Aramark, Inc.. Plaintiff filed a motion to proceed in forma pauperis, which is granted in a separate order. For the reasons discussed below, the case is DISMISSED as duplicative.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify actionable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pleadings filed by self-represented litigants must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although to state

a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff sues Aramark because, as he alleges, on one occasion he found a maggot in his food at the jail, which made him sick.  (ECF No. 1 at 2-3.)  Plaintiff made the same allegations against the same Defendant in a recent lawsuit, which was dismissed for failure to state a claim that is capable of judicial determination.  *See Young v. Aramark, Inc.*, No. 25-5478 JSC (N.D. Cal.) (ECF Nos. 7, 9).  An in forma pauperis complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of 28 U.S.C. § 1915(e).  *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).  As Plaintiff's complaint merely repeats the same claim against the same Defendant that he made in his prior action, it must be dismissed as duplicative.

The Court notes Plaintiff's prior case was dismissed after Plaintiff failed to file an amended complaint, *see Young v. Aramark, Inc.*, No. 25-5478 JSC (N.D. Cal.) (ECF Nos. 7, 9), so it is possible Plaintiff intended to file the complaint in the present case as an amended complaint in his prior case.  If so, it would not suffice because it does not cure the deficiencies in his claim.  Specifically, Plaintiff continues to fail to "allege Aramark, Inc., was previously informed of maggots or other contamination in the food," and instead he "only alleges single, isolated incident of food contamination."  (*See id.* (ECF No. 7 at 3.)  As explained to him previously, this "does not, without more, support a reasonable inference Defendant knew of and disregarded an excessive risk

*United States District Court*
*Northern District of California*

2

of harm to him, or that Defendant displayed a callous disregard to Plaintiff's health," as is required to state a claim for the violation of his constitutional rights that is capable of judicial determination.  (*Id.* (citing cases, including *Hampton v. Hernandez*, No. 3:23- CV-00234-JMK, 2024 WL 2213113, at *3 (D. Alaska May 16, 2024) ("Neither isolated instances of food poisoning, temporary lapses in sanitary food service, nor service of meals contaminated with maggots are sufficiently serious to amount to a constitutional violation.").)  Consequently, even if the Court were to construe the instant complaint as an amended complaint in his prior case, this would not alter the decision in his prior or present cases.

**CONCLUSION**

For the reasons explained above, the instant case is DISMISSED as duplicative.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: February 26, 2026

_____
JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California